JESSE E. HEALD, ADMINISTRATOR (STANLEY W. EDWARDS, ADMINISTRATOR D. B. N. C. T. A., SUBSTITUTED PLAINTIFF), vs. HARRIET M. BRIGGS ET ALS.

First Judicial District, Hartford, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

A testator, whose will was executed in 1870, died in 1883, leaving the use of the residue of his property to his wife during her life, with remainder "to my legal heirs or to such of them as my said wife may designate by her will." She died in 1909, leaving a will, executed in 1908, wherein she exercised the power of appointment given to her by her husband, by designating certain of his nephews and nieces, grandnephews and grandnieces and one great-grandniece, as the beneficiaries of his estate, and the proportionate share of each. In a suit to construe the will it was *held:*—

1. That the selection of beneficiaries which the widow was empowered to make was from those persons who, at her death rather than at his, would answer the description of his "legal heirs," that is, would have been entitled by statute to the residue of his property had that been intestate.

2. That the validity of the appointment, in respect to the statute or rule against perpetuities, was to be tested by the same rule that would have been applied had the original testator and creator of the power made the same provision in favor of the same appointees in his own will.

3. That inasmuch as all the appointees of the widow were either living at the time of the testator's death in 1883, or were the immediate issue of those who were then living, the appointment did not offend the then-existing statute against perpetuities.

The verbal amendment of the statute against perpetuities, made in 1884 (Public Acts of 1884, Chap. 87), worked no change in its legal meaning or effect.

Argued January 6th—decided January 18th, 1910.

SUIT to construe the will of Jeremy H. Holcomb of East Granby, deceased, brought to and reserved by the Superior Court in Hartford County, *Case, J.*, upon the facts set forth in the complaint, for the advice of this court.

*Stanley W. Edwards*, for the plaintiff.

*Ralph O. Wells*, for Henry E. Merwin *et als.*

*Theodore G. Case*, for Harriet M. Briggs *et als.*

HALL, J. Jeremy H. Holcomb, late of East Granby, Connecticut, born January 24th, 1824, died January 20th, 1883. He executed a will September 18th, 1870, containing the following among other provisions:—

"Thirdly all the rest and residue of my Estate both real & personal of which I shall die possessed I give & devise the use of the same to my Wife Caroline M. Holcomb during her natural life & at her death I will all of said Estate to my Legal heirs or to Such of them as my said Wife may designate by her Will."

At his death the testator left a widow, the said Caroline M. Holcomb, two brothers, Oswald C. and Edwin V. Holcomb, and a sister, Julia Matilda Holcomb, wife of Henry Merwin, and two nephews and five nieces, children of his said sister Julia Matilda Holcomb (Merwin), and also three grandnieces, children of Cicero H. Merwin, one of his nephews, namely, Mary Alexander Merwin (Willoughby), Milie Hopper Merwin (Adams), and Caroline M. Merwin (Sanford).

Heald *v.* Briggs.

Caroline M. Holcomb, the testator's widow, died September 6th, 1909. Her husband's two brothers and sister had died before her, neither of the brothers leaving either a widow or children. Cicero H. Merwin and Julia Griswold Merwin (Ennis), two of the said children of the testator's sister, Julia Matilda Holcomb (Merwin), had also died before the widow, Caroline M. Holcomb, as had also two of the said daughters of Cicero H. Merwin, namely, Mary Alexander Merwin (Willoughby), born in 1875, and who left surviving her a husband and one minor child, Viola M. Willoughby, and Milie Hopper Merwin (Adams), who left a husband and no children. These facts will more clearly appear from the table below:—

FIRST GENERATION

| *Testator* | *Widow* | *Brother* | *Sister* | *Brother* |
|---|---|---|---|---|
| Jeremy H. Holcomb—<br>Executed Will 1870,<br>d. 1883 | Caroline M.—<br>d. 1909 | Oswald C.—<br>d. 1885 | Julia M. (Merwin)—<br>d. 1894 | Edwin V.<br>d. 1901 |

SECOND GENERATION

*Children of Julia M. Merwin*

| Cicero H.<br>d. 1884 | Caroline<br>(Sanford)<br>d. 1859 | Harriet<br>(Briggs)<br>d. 1847 | Henry E.<br>d. 1849 | Arabella<br>d. 1852 | Jennie<br>(Wright)<br>d. 1856 | Julia G.<br>(Ennis)<br>d. 1907 |

THIRD GENERATION

*Children of Cicero H. Merwin and of Julia G. Ennis*

| Mary A.<br>(Willoughby)<br>b. 1875, d. 1904 | Milie H.<br>(Adams)<br>d. 1905 | Caroline H.<br>(Sanford)<br>b. 1882 | Henry M. | William H.<br>d. 1909 | Grace G.<br>(Witney) |

FOURTH GENERATION

*Child of Mary A. Willoughby*

| Viola M. Willoughby<br>b. 1903 |

In 1886 the said Julia Matilda Holcomb (Merwin), sister of the testator, executed a will giving all her property to

four of her daughters, namely, Harriet Merwin (Briggs), Arabella Merwin, Jennie Merwin (Wright), and Caroline Merwin (Haven).

By her will, executed in 1908, the widow, Caroline M. Holcomb, exercised the power of appointment given by her husband's will, by dividing his estate into seven equal parts, and giving them as follows: to her grandniece Caroline H. Sanford, and her great-grandniece, Viola M. Willoughby, each one half of one of said parts; to her grand-nephews and grandniece, the children of Julia G. Merwin (Ennis), one part to be divided among them equally; to her nieces and nephew, Harriet Merwin (Briggs), Arabella Merwin, Jennie Merwin (Wright), Caroline Merwin (Haven), and Henry E. Merwin, each one part.

By the reservation our advice is asked upon these questions:—

"1st. Whether the provisions in the third clause of said will of said Jeremy H. Holcomb gave to his said wife, said Caroline M. Holcomb, power to designate the persons named in her will as the persons to receive the estate of said Jeremy H. Holcomb, referred to in the third clause of his will, and in which she had a life interest, or whether she was limited in the exercise of her power of appointment to the said brothers and sister of said Jeremy H. Holcomb who survived him.

"2d. Whether the persons named as beneficiaries in said will of said Caroline M. Holcomb are entitled to receive said estate of Jeremy H. Holcomb in the proportions therein designated."

The answer to these two questions depends upon the meaning of the words of the third clause of the will, "to my legal heirs or to such of them as my said wife may designate by her will": whether the heirs of the testator at the time of his death, or his heirs at the time of the death of his widow.

When the testator made his will in 1870, he presumably

knew that his seven nephews and nieces, children of his sister Julia Merwin, were all living, and that his brothers, Oswald and Edwin, and his sister, Julia, were all older than himself and older than his wife. Presumably he also knew that if his brothers and sister, or either of them, survived him, such survivors and the representatives of those deceased would be his legal heirs at the time of his death. If by legal heirs he meant his heirs at the time of his death, he must be supposed to have intended that his widow might designate which of the two or more of his two brothers and sister who might survive him should take his entire estate, and that she could exercise no power to apportion the property among her nieces and nephews, or the representatives of those deceased, if one or more of the testator's two brothers and sister should survive him, and none should survive his widow. Although it may be true that, whether the words "my legal heirs" are held to mean the testator's heirs at the time of his death or at the time of the death of his widow, the widow could only have designated one or more of the two brothers and sister of the testator, had they all survived her, that result would follow in such case only because the brothers and sister of the testator would answer both descriptions, heirs at the time of the testator's death and heirs at the time of the death of his widow. From the facts we have stated, and from the provision in the will of a power of appointment among the testator's heirs, to be exercised only upon the death of the testator's widow, we are of opinion that in using the words "my legal heirs" the testator had in mind those persons who would by law be entitled to his estate upon the death of his widow; and that by the words, "to my legal heirs or to such of them as my said wife may designate by her will," he intended to empower his widow to designate by will, from among those who at the time of her death would by statute have succeeded to said testator's estate had it been intestate, the persons who should receive said estate.

That a provision in the will of Jeremy H. Holcomb giving his estate to those who should be his heirs at the time of the termination of the widow's life estate, would have been void as offending the statute of perpetuities, did not render the power of appointment invalid. Although the appointee is said to take from the original testator and through the donee of the power, yet the validity of an appointment under a particular power like the one under consideration is, with reference to a statute or rule of perpetuities, to be determined by the provisions of the will by which the power is exercised, and is to be tested by "the same rule as if the original testator, who created the power, had made in his own will the same provision in favor of the same appointee." *Bartlett* v. *Sears,* 81 Conn. 34, 42, 70 Atl. 33.

None of the provisions of the appointment by the will of Caroline M. Holcomb contravene the statute of perpetuities applicable to the will of Jeremy H. Holcomb. All the appointees are persons to whom Jeremy H. Holcomb could have given property by will. They are all persons, or the immediate issue of persons, in being at the time of his death in 1883. They are also persons who, at the time of the death of Caroline M. Holcomb would, under our statute of distribution, have been entitled to share in the estate of Jeremy H. Holcomb had it then become intestate. It is true that Mary A. Willoughby, born in 1875, and who was the mother of the appointee Viola M. Willoughby, was not living when Jeremy H. Holcomb executed his will in 1870, and that the statute of perpetuities then in force and in force at the time of his death in 1883 forbade grants by deed or will to any persons except such, or the immediate issue of such, as were in being at the time of "making" such deed or will. But it was held in *Johnson* v. *Edmond,* 65 Conn. 492, 500, 33 Atl. 503, that the amendment of that statute in 1884 (Public Acts of 1884, Chap. 87, p. 367), by substituting the words "at the time of the delivery of such

deed or the death of the testator," for the words above quoted, was merely declaratory of the legal meaning of the words of the earlier statute for which they were substituted.

The Superior Court is advised that the provisions of the third clause of the will of Jeremy H. Holcomb gave to his wife, Caroline M. Holcomb, power to designate the persons named in her will as the persons to receive the estate of Jeremy H. Holcomb referred to in the third clause of his will; and that the persons named as beneficiaries in said will of Caroline M. Holcomb are entitled to receive said estate in the proportions therein designated.

No costs will be taxed in this court.

In this opinion the other judges concurred.